UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN KEITH WILLIAMS,

      Plaintiff,

v.                          Case No.  2:26-cv-483-KCD-NPM

BILL PRUMMELL, et al.,

      Defendants.

_____/

## **ORDER DISMISSING CASE**

Plaintiff Ryan Keith Williams, an inmate of the Florida penal system, initiated this action by a filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) He alleges that he was falsely imprisoned, "wrongfully sentenced," and denied medical care at the Charlotte County Jail and the Hamilton Correctional Institution. (*Id.* at 4-5). Williams has not paid the filing fee. Instead, he seeks to proceed *in forma pauperis*. (Doc. 2). But because he is barred under 28 U.S.C. § 1915(g) from proceeding as a pauper, the complaint is dismissed without prejudice.

Under § 1915(g), a prisoner cannot proceed *in forma pauperis* if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal] court . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted." 28 U.S.C. § 1915(g). And "[a] dismissal of a suit for failure to

state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

The Court takes judicial notice that Williams, while incarcerated, has previously had three or more qualifying dismissals. Each of the following cases was dismissed for failure to state a claim: *Williams v. Legal Mail Handler*, No. 2:13-cv-14296-JEM (S.D. Fla.); *Williams v. Martin Corr. Inst.*, No. 2:13-cv-14342-JEM (S.D. Fla.); *Williams v. Prummell*, No. 2:23-cv-833-JLB-KCD (M.D. Fla.); *Williams v. Thompson*, No. 2:23-cv-945-JLB-NPM; and *Williams v. Florida*, No. 2:24-cv-1109-JLB-KCD (M.D. Fla.). Two months ago, another one of Williams's cases was dismissed on the ground that he was "a three-strikes litigant." *Williams v. Dixon*, No. 3:26-cv-237-JEP-PDB, Doc. 3 at 2 (M.D. Fla. Feb. 12, 2026).

Thus, Williams can avoid dismissal only by showing that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy this exception, a prisoner must establish that he is in imminent danger "at the time that he seeks to file his suit in district court." *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (cleaned up). "Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g)." *Id.* at 1192. Moreover, "general assertions . . . are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood

2

of imminent serious physical injury." *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021).

Williams fails to satisfy the imminent-danger exception. He claims that prison officials have failed to properly treat his eczema. (Doc. 1 at 5). He also says that he experiences pain in his wrist, back, and elbows due to a June 2023 slip and fall. (*Id.* at 7). Without more, Williams's "complaint of untreated eczema does not demonstrate imminent danger." *Casey v. Fla. Dep't of Corr.*, No. 4:24-cv-341-MW-MAF, 2024 WL 4231593, at *2 (N.D. Fla. Aug. 8, 2024). And the pain he allegedly experiences "is insufficient to show the type of emergency circumstances contemplated by the 'imminent danger of serious physical injury' exception of § 1915(g)." *Boobyyaa v. Tucker*, No. 5:13-cv-77-RS-EMT, 2013 WL 1729528, at *3 (N.D. Fla. Mar. 29, 2013). In short, Williams does not allege that he faces "severe ongoing complications," increased "susceptib[ility] to various illnesses," or the "rapid[] deteriorat[ion]" of his conditions. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).

Williams separately alleges that prison officials have deprived him of "proper mental illness meds." (Doc. 1 at 5.) But he does not identify the mental illnesses from which he allegedly suffers. Nor does he describe the effects of the alleged denial of medication. Williams's "allegation that [he] suffers from mental illness, without more, is insufficient to meet the imminent-danger

3

exception to § 1915(g)."[1] *Williams v. Royal Dutch Gas Station*, No. 8:23-cv-2098-CEH-JSS, 2024 WL 3161877, at *1 (M.D. Fla. June 25, 2024) (collecting cases).

Because Williams has had three or more qualifying dismissals and his allegations do not satisfy the imminent-danger exception, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the full filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit."). Therefore, the Court dismisses this action under § 1915(g). Williams may initiate a new civil rights action by filing a new complaint and paying the full $405.00 filing fee.

Accordingly, it is **ORDERED**:

1.   Williams's complaint (Doc. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

---

[1] Williams says that at some point he "caught three heart attacks on different days." (Doc. 1 at 5). He also claims to have died and "c[o]me back to life" twice. (*Id.*) These allegations of past injury, while troubling, are insufficient to satisfy § 1915(g) and its immediacy requirement. *See Butler*, 185 F.3d at 1192.

2. Williams's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**. His motion for temporary restraining order (Doc. 6) is also **DENIED as moot**.

3. The Clerk is **DIRECTED** to enter judgment against Williams and to close this file.

**ENTERED** in Fort Myers, Florida on April 17, 2026.

Kyle C. Dudek
United States District Judge